UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KWOK FONG,

        Plaintiff,

vs.

DYNASTY PROPERTIES, LLC, et al.,

        Defendants.

2:17-cv-02371-RFB-NJK

**ORDER AND REPORT<br>AND RECOMMENDATION**

Plaintiff is proceeding in this action *pro se*. On September 7, 2017, Plaintiff requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* and submitted a complaint. Docket No. 1.

**I.**     ***In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. *Id*. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.**     **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

1        Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint
2 for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is
3 essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d
4 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the
5 claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v.*
6 *Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations,
7 it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause
8 of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265,
9 286 (1986)). The court must accept as true all well-pled factual allegations contained in the
10 complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950.
11 Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not
12 suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from
13 plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations
14 of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers.
15 *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of pro se
16 pleadings is required after *Twombly* and *Iqbal*).

17        Plaintiff seeks to proceed against Defendants Dynasty Properties, LLC and Tiger Wong under
18 this Court's diversity jurisdiction. *See* Docket No. 1-1 at 2.

19        The federal venue statute requires that a civil action based on diversity jurisdiction be brought
20 only in (1) a judicial district where any defendant resides, if all defendants are residents in the same
21 State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the
22 claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a
23 judicial district in which any defendant is subject to personal jurisdiction at the time the action is
24 commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. §
25 1391(a). "Under 28 U.S.C. § 1406(a), the court may dismiss an action laying venue in the wrong
26 district." *Southland Transit*, 2011 U.S. Dist. Lexis 24761, at *2.

27        In this case, Plaintiff purports to bring a California state law cause of action on the basis of
28 diversity jurisdiction. *See* Docket No. 1-1. Plaintiff alleges that the events giving rise to her claim

- 2 -

occurred in California, and that Defendant Dynasty Properties, LLC is incorporated in Delaware and his its principal place of business in California. *Id*. at 2. Plaintiff fails to allege the residency of Defendant Tiger Wong. *Id*. The District of Nevada is mentioned in the complaint only on the first page, as the District of Plaintiff's residency. *Id*. at 1. As such, Nevada not a proper venue for Plaintiff's lawsuit against Defendants Dynasty Properties, LLC and Tiger Wong.

**III.    Order**

**IT IS HEREBY ORDERED** that Plaintiff's application for leave to proceed *in forma pauperis*, Docket No. 1, is **GRANTED**. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IV.    Report and Recommendation**

This District is not the proper venue for this action and Plaintiff fails to plead a basis for exercising federal jurisdiction. Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** with prejudice[1] because amendment would be futile. *See Lopez v. Smith,* 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (*en banc*) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (leave to amend should be granted unless amendment would be futile)).

IT IS SO ORDERED.

DATED: September 22, 2017.

NANCY J. KOPPE
United States Magistrate Judge

---

[1] The Court notes that it issued an order on September 21, 2017, requiring Plaintiff to file a written notice of change of address in light of mail sent to Plaintiff from the Court that had been returned as undeliverable. Docket No. 4. *See also* Docket No. 3. As the Court has determined that Nevada is not the proper District for this action and recommends dismissal, the Court **WITHDRAWS** its order at Docket No. 4.

# NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).